# IN THE SUPREME COURT OF THE STATE OF NEVADA

RENE F. FERNANDEZ,
Appellant,
vs.
JAMES DZURENDA, DIRECTOR,
Respondent.

No. 71792

FILED

JUL 1 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant Rene Fernandez's September 26, 2016, postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James Todd Russell, Judge. Fernandez challenges the computation of time he has served. We affirm.[1]

Fernandez claims that the Nevada Department of Corrections is not deducting statutory credits from his minimum controlling sentence pursuant to NRS 209.4465(7)(b).[2] Fernandez has not demonstrated that he is entitled to such a deduction. He was convicted of and sentenced pursuant to NRS 453.3385(3)(b) (1999) for trafficking in more than 28 grams of a controlled substance for crimes committed between January and June 2007. At that time, NRS 453.3385(3)(b) provided for a sentence of "a definite term of 25 years, with eligibility for parole beginning when a minimum of 10 years has been served." 1999 Nev. Stat., ch. 517, § 6, at

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]Fernandez does not challenge the computation of time for his shorter, concurrent sentences, all of which he has already expired.

17-23112

2640. At the same time, NRS 209.4465(7)(b) allowed for the deduction of statutory credits from minimum sentences only where the offender was not "sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole." 2003 Nev. Stat., ch. 426, § 8, 2578. NRS 453.3385(3)(b) (1999) specifies that offenders such as Fernandez must serve a minimum sentence (10 years) before becoming eligible for parole. Accordingly, Fernandez is not entitled to the deduction of statutory credits from his minimum sentence, and we conclude the district court did not err in denying this claim.

Fernandez also claims that the district court erred in not giving him the opportunity to file a reply to the State's response to his postconviction petition and in amending his judgment of conviction. A pro se petitioner is not entitled to file a response where, as here, the State has not moved to dismiss the petition. *See* NRS 34.750(3)-(5). Further, the district court's paraphrasing of Fernandez's judgment of conviction did not amend the judgment of conviction.

To the extent Fernandez claims that he was convicted pursuant to the incorrect statute, he did not raise this claim below and we decline to consider it on appeal in the first instance. *See Rimer v. State*, 131 Nev., Adv. Op. 36, 351 P.3d 697, 713 n.3 (2015).

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. James Todd Russell, District Judge
Rene F. Fernandez
Attorney General/Carson City
Carson City Clerk